Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85018
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Terri Rossi Owen**, **Shawn Thorson**, **Susan Krueger**, **Geoffrey Collins**, and **Michelle Nichols**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Angry Crab Shack Corporation**, an Arizona Corporation, **Angry Crab Franchise LLC**, an Arizona Limited Liability Company, **Angry Crab Shack BBQ LLC**, an Arizona Limited Liability Company, **Ronald Lou and Jane Doe Lou**, a married couple, **Dan Sevilla and Jane Doe Sevilla**, a married couple, **Andrew Diamond and Jane Doe Diamond**, a married couple, **David Eng and Jane Doe Eng**, a married couple, and **Jason Lopez and Jane Doe Lopez**, a married couple,<br><br>Defendants. | No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(Demand for Jury Trial)** |

Plaintiffs, Terri Rossi Owen ("Plaintiff Rossi"), Shawn Thorson ("Plaintiff Thorson"), Susan Krueger ("Plaintiff Krueger"), Geoffrey Collins ("Plaintiff Collins"), and Michelle Nichols ("Plaintiff Nichols") (collectively "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

-1-

**PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former servers of Defendants who were compensated at a rate of less than the applicable Arizona and federal minimum wage on account of receiving tips in a given workweek.

2.      Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants[1] for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.      Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and wages due and owing Plaintiffs and others similarly-situated in violation of Arizona Wage Act, Arizona Revised Statutes ("A.R.S.") §§ 23-350, et. seq., and the Arizona Minimum Wage Act, A.R.S. § 23-363, et seq.

4.      Plaintiffs bring a collective action under the FLSA to recover the unpaid minimum wages and improperly withheld tips owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

5.      Additionally, Defendants' failure to compensate Plaintiffs and all other non-exempt employees at a rate equal to Arizona's required minimum wage violates the Arizona Wage Act, A.R.S. § 23-350, et. seq., and the Arizona Minimum Wage Act,

---

[1] All Defendants to this action are collectively referred to as either "Angry Crab Shack" or "Defendants" unless specified otherwise.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

A.R.S. § 23-363, et. seq. Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws. Members of the Rule 23 Class Action are referred to as the "Class Members."

6.     The Collective Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

7.     The Class Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

8.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and Arizona wage law.

9.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

10.     Under the FLSA, employers must inform their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations in order to be able to take a tip credit with respect to their employees' wages.

-3-

11.     In addition to informing their tipped employees of 29 U.S.C. § 203(m) and its supporting regulations, employers must allow their tipped employees to retain all tips earned, except to the extent that they require the tipped employees to participate in a valid tip pooling arrangement. A valid tip pooling arrangement includes only employees who customarily and regularly receive tips.

12.     The Arizona Minimum Wage Act, A.R.S. § 23-363, establishes a minimum wage within the State of Arizona. A.R.S. § 23-363 recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of $3.00 per hour.

13.     The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Arizona employers comply with the minimum wage standards set forth by the Arizona Wage Act and limits the maximum allowable tip credit to $3.00 per hour.

14.     For example, the Arizona minimum wage in 2015 was $8.05. If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum hourly rate of $5.05.

15.     Defendants imposed a tip credit upon all of their servers and bartenders, including Plaintiffs, the Collective Members, and the Class Members.

16.     Defendants engaged in the regular policy and practice of not allowing Plaintiffs and the Collective Members to retain all tips they received. Specifically,

-4-

Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as cooks, dishwashers, and management, in violation of 29 U.S.C. § 203(m).

17.     Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

18.     Defendants also had a policy and practice of requiring their servers and bartenders, such as Plaintiffs and the Collective Members, to contribute one dollar from their earned tips for every shift they worked to a collective fund owned and maintained entirely by Defendants.

19.     Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

20.     Defendants engaged in the regular policy and practice of deducting the costs of uniform shirts from the wages of their servers and bartenders, including Plaintiffs and Collective Members.

21.     Therefore, during each and ever workweek during which Defendants deducted the costs of uniform shirts from Plaintiffs' and the Collective Members' wages, the wages of Plaintiffs and the Collective Members fell below the applicable minimum wage.

22.     Defendants did not notify Plaintiffs, or any of the Collective Members, of the provisions of 29 U.S.C. § 203(m) and its supporting regulations before imposing a tip credit on their wages.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

23.     Therefore, Defendants did not pay Plaintiffs or the Collective Members the applicable federal or Arizona minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363, and were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

24.     Defendants, intending to exercise a tip credit against Plaintiffs' and the Class Members' wages, did not provide written notice to Plaintiffs or the Class Members prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23. Thereafter, Defendants did not notify Plaintiffs or the Class Members in writing each pay period of the amount per hour that Defendants took as a tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23.

25.     Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and the Class Members' wages.

## JURISDICTION AND VENUE

26.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

27.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this action arises under the Constitution and laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Arizona law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

28.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

29.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

30.     At all times material to the matters alleged in this Complaint, Plaintiff Rossi was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

31.     At all material times, Plaintiff Rossi was a full-time, non-exempt employee of Defendants who worked at Defendants' Goodyear, Arizona location, located at 310 North Litchfield Road, Goodyear, Arizona 85338 from approximately September 1, 2016 through approximately November 30, 2016.

32.     At all times material to the matters alleged in this Complaint, Plaintiff Thorson was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

33.     At all material times, Plaintiff Thorson was a full-time, non-exempt employee of Defendants who worked at Defendants' Goodyear, Arizona location, located at 310 North Litchfield Road, Goodyear, Arizona 85338 from approximately March 1, 2016 through approximately November 30, 2016.

-7-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

34.     At all times material to the matters alleged in this Complaint, Plaintiff Krueger was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

35.     At all material times, Plaintiff Krueger was a full-time, non-exempt employee of Defendants who worked at Defendants' Goodyear, Arizona location, located at 310 North Litchfield Road, Goodyear, Arizona 85338 from approximately December 1, 2015 through approximately October 31, 2016.

36.     At all times material to the matters alleged in this Complaint, Plaintiff Collins was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

37.     At all material times, Plaintiff Collins was a full-time, non-exempt employee of Defendants who worked at Defendants' Goodyear, Arizona location, located at 310 North Litchfield Road, Goodyear, Arizona 85338 from approximately July 1, 2016 through approximately October 31, 2016.

38.     At all times material to the matters alleged in this Complaint, Plaintiff Nichols was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

39.     At all material times, Plaintiff Nichols was a full-time, non-exempt employee of Defendants who worked at Defendants' Goodyear, Arizona location, located at 310 North Litchfield Road, Goodyear, Arizona 85338 from approximately January 1, 2016 through approximately October 31, 2016, and at Defendants' Phoenix, Arizona

location, located at 2808 East Indian School Road, Phoenix, Arizona 85016 from approximately November 1, 2016 through the present.

40.     At all material times, Plaintiffs were employed by Defendants and paid as tipped employees. Defendants employed Plaintiffs to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work required of him by Defendants.

41.     At all material times, Plaintiffs were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

42.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

43.     At all material times, Plaintiffs were employees of Defendants as defined in A.R.S. § 23-350(2).

44.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former tipped employees of Defendants, including but not limited to servers and bartenders who agree in writing to join this action seeking recovery under the FLSA.

45.     Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, servers and bartenders whose hourly wages were subject to a tip credit and whose wages, therefore, were less than the applicable statutory minimum wage.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-9-

46. Defendant Angry Crab Shack Corporation is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

47. Defendant Angry Crab Shack Corporation was at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

48. Defendant Angry Crab Shack Corporation is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

49. Defendant Angry Crab Shack Corporation was at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

50. Defendant Angry Crab Franchise, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

51. Defendant Angry Crab Franchise, LLC was at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

52. Defendant Angry Crab Shack BBQ, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

53. Defendant Angry Crab Shack BBQ, LLC was at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

54. Defendant Ronald Lou and Jane Doe Lou are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Complaint as to which their marital community is fully liable. Ronald Lou is an owner of Angry Crab Shack and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Lou is an owner of Angry Crab Shack.

55.     Defendants Ronald Lou and Jane Doe Lou were at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

56.     Under the FLSA, Defendants Ronald Lou and Jane Doe Lou are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Ronald Lou and Jane Doe Lou are the owners of Angry Crab Shack. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Angry Crab Shack. As persons who acted in the interest of Angry Crab Shack in relation to the company's employees, Ronald Lou and Jane Doe Lou are subject to individual liability under the FLSA.

57.     Defendant Dan Sevilla and Jane Doe Sevilla are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Dan Sevilla is an owner of Angry Crab Shack and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Sevilla is an owner of Angry Crab Shack.

58.     Defendants Dan Sevilla and Jane Doe Sevilla were at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

59.     Under the FLSA, Defendants Dan Sevilla and Jane Doe Sevilla are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Dan Sevilla and Jane Doe Sevilla are the owners of Angry Crab Shack. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Angry Crab Shack. As persons who acted in the interest of Angry Crab Shack in relation to the company's employees, Dan Sevilla and Jane Doe Sevilla are subject to individual liability under the FLSA.

60.     Defendant Andrew Diamond and Jane Doe Diamond are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Andrew Diamond is an owner of Angry Crab Shack and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Diamond is an owner of Angry Crab Shack.

61.     Defendants Andrew Diamond and Jane Doe Diamond were at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

62.     Under the FLSA, Defendants Andrew Diamond and Jane Doe Diamond are employers. The FLSA defines "employer" as any individual who acts directly or

-12-

indirectly in the interest of an employer in relation to an employee. Defendants Andrew Diamond and Jane Doe Diamond are the owners of Angry Crab Shack. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Angry Crab Shack. As persons who acted in the interest of Angry Crab Shack in relation to the company's employees, Andrew Diamond and Jane Doe Diamond are subject to individual liability under the FLSA.

63. Defendant David Eng and Jane Doe Eng are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. David Eng is an owner of Angry Crab Shack and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Eng is an owner of Angry Crab Shack.

64. Defendants David Eng and Jane Doe Eng were at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

65. Under the FLSA, Defendants David Eng and Jane Doe Eng are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants David Eng and Jane Doe Eng are the owners of Angry Crab Shack. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

connection with Plaintiffs' and the Collective Members' employment with Angry Crab Shack. As persons who acted in the interest of Angry Crab Shack in relation to the company's employees, David Eng and Jane Doe Eng are subject to individual liability under the FLSA.

66.     Defendant Jason Lopez and Jane Doe Lopez are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Jason Lopez is an owner of Angry Crab Shack and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d). Jane Doe Lopez is an owner of Angry Crab Shack.

67.     Defendants Jason Lopez and Jane Doe Lopez were at all relevant times Plaintiffs' and the Class Members' Employer as defined by A.R.S. § 23-350(3).

68.     Under the FLSA, Defendants Jason Lopez and Jane Doe Lopez are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Jason Lopez and Jane Doe Lopez are the owners of Angry Crab Shack. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Angry Crab Shack. As persons who acted in the interest of Angry Crab Shack in relation to the company's employees, Jason Lopez and Jane Doe Lopez are subject to individual liability under the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

69. Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

70. Defendants, and each of them, are sued in both their individual and corporate capacities.

71. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs, the Collective Members, and the Class Members.

72. At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

73. At all relevant times, Plaintiffs and the Class Members were "employees" of Defendants as defined by A.R.S. § 23-350(2).

74. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

75. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

76. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350(3).

77. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' and the Class Members' work and wages at all relevant times.

-15-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

78.     At all relevant times, Plaintiffs and the Collective Members and the Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

79.     At all relevant times, Plaintiffs and the Collective Members and the Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

80.     At all relevant times, all Defendants were joint employers of Plaintiffs, the Collective Members, and the Class Members. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiffs and the Collective Members.

81.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

82.     Defendants operate a chain of restaurants under the assumed name "Angry Crab Shack" and/or "Angry Crab Shack & BBQ." They advertise themselves as such on their website. The fact that they run each Angry Crab Shack and/or Angry Crab Shank & BBQ identically and their customers can expect the same kind of customer service regardless of the location is a significant advertising point of Defendants. Plaintiffs have

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

attached a copy of Defendants' "Employee Handbook Policies and Procedures" attached as "**Exhibit B**."

83.    Defendants represent themselves to the general public as one restaurant company operating at multiple locations. They share employees, have a common management, have a common ownership, have common ownership of the trade name "Angry Crab Shack," pool their resources, operate from the same headquarters, share common statutory agents, and have the same operating name. This is a family of restaurants that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model. The Angry Crab Shack family of restaurants exists under the control and direction of Defendants. This family of restaurants provides the same service product to its customers by using a set formula when conducting its business. Part of that set formula is the wage violations alleged in this Complaint. These facts represent a classic example of "corporate fragmentation." (*See generally* **Ex. B**).

## FACTUAL ALLEGATIONS

84.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85.    Defendants own and/or operate as Angry Crab Shack, an enterprise located in Maricopa County, Arizona.

86.    Angry Crab Shack is an enterprise that is a bar and restaurant that serves food and drinks to customers.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

87.    On approximately September 1, 2016, Plaintiff Rossi began employment with Defendants at the Angry Crab Shack Goodyear, Arizona, location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

88.    On approximately March 1, 2016, Plaintiff Thorson began employment with Defendants at the Angry Crab Shack Goodyear, Arizona, location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

89.    On approximately December 1, 2015, Plaintiff Krueger began employment with Defendants at the Angry Crab Shack Goodyear, Arizona, location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

90.    On approximately July 1, 2016, Plaintiff Collins began employment with Defendants at the Angry Crab Shack Goodyear, Arizona, location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

91.    On approximately July 1, 2016, Plaintiff Nichols began employment with Defendants at the Angry Crab Shack Goodyear, Arizona, location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work. On approximately November 1, 2016, Plaintiff Nichols transferred the location of her employment with Defendants at the Angry Crab Shack

Phoenix, Arizona, location as a server, performing various repetitive tasks such as serving drinks and food to customers, cleaning, busing tables, and other side work.

92.     Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiffs were paid as a tipped employee, Defendants imposed a tip credit upon Plaintiffs' wages at below the applicable minimum wage.

93.     Throughout the duration of their employment, Plaintiffs were paid a rate of the applicable Arizona minimum wage less a tip credit of approximately $3.00 per hour.

94.     As a result of Defendants' imposition of a tip credit, Plaintiffs were forced to perform work at an hourly rate that was less than the applicable minimum wage.

95.     Defendants engaged in the regular policy and practice of not allowing Plaintiffs and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as cooks, dishwashers, and management, in violation of 29 U.S.C. § 203(m). (**Ex. B**, at p. 7). Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages, and the manner in which Defendants paid Plaintiffs and the Collective Members violated 29 U.S.C. § 206(a).

96.     Specifically, Defendants had a policy and practice of requiring their servers and bartenders, such as Plaintiffs and the Collective Members, to collectively pool all tips they earned after every shift.

97.    Defendants divided these pooled tips between and among front of house ("FOH") employees, such as servers, bartenders, bussers, and hosts, and non-tipped back of house ("BOH") employees, such as kitchen staff, cooks, and dishwashers. *Id.*

98.    Defendants allowed servers and bartenders, such as the Plaintiffs and Collective Members, to retrieve their portions of the tip pool on the day following each shift they worked. *Id.*

99.    Defendants allowed all other employees, including all BOH employees, to retrieve their portions of the tip pool once per week, on Tuesdays between 2:00 pm and 4:00 pm. *Id.*

100.    Defendants also had a policy and practice of requiring their servers and bartenders, such as Plaintiffs and the Collective Members, to contribute one dollar from their earned tips for every shift they worked to a collective fund owned and maintained entirely by Defendants.

101.    Defendants allowed its employees, including Plaintiffs and the Collective Members, to "borrow" from this collective fund on an as-needed basis; however, at all times, Defendants required any employee who borrowed from this fund to promptly reimburse the fund.

102.    Defendants required Plaintiffs and the Collective Members to contribute one dollar to this fund for each and every shift that they worked for Defendants.

103.    Defendants' policy and practice of requiring Plaintiffs and the Collective Members to pool tips with BOH employees violated 29 U.S.C. § 203(m) such that Defendants were prohibited from exercising any tip credit whatsoever against Plaintiffs'

and the Collective Members' wages at all material times, and the manner in which Defendants paid Plaintiffs and the Collective Members therefore violated 29 U.S.C. § 206(a).

104.    Defendants' policy and practice of requiring Plaintiffs and the Collective Members to contribute one dollar to this fund for each and every shift that they worked for Defendants violated 29 U.S.C. § 203(m) such that Defendants were prohibited from exercising any tip credit whatsoever against Plaintiffs' and the Collective Members' wages at all material times, and the manner in which Defendants paid Plaintiffs and the Collective Members violated 29 U.S.C. § 206(a).

105.    Therefore, in a given workweek, and during each and every workweek of Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants and was not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

106.    Defendants engaged in the regular policy and practice of deducting the costs of uniform shirts from the wages of their servers and bartenders, including Plaintiffs and Collective Members.

107.    Such policy and practice of deducting these uniform shirt costs by Defendants necessarily brought Plaintiffs' and the Collective Members' wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

108.    Therefore, in a given workweek, and during each and every workweek of Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants and was not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-21-

109.   Defendants did not notify Plaintiffs of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to taking the tip credit or at any time throughout the duration of their employment with Defendants.

110.   Defendants did not provide written notice to Plaintiffs or the Class Members prior to exercising the tip credit. Thereafter, Defendants did not notify Plaintiffs or the Class Members in writing each pay period of the amount per hour that Defendants took as a tip credit.

111.   As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages under Arizona or Federal law, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs for all time Plaintiffs, the Collective Members, and the Class Members worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiffs, the Collective Members, and the Class Members for the entire time they were employed by Defendants.

112.   Therefore, in a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

113.   Therefore, in a given workweek, and during each and every workweek of Plaintiffs and the Class Members employment with Defendants, Plaintiffs and the Class Members worked for Defendants and were not paid the applicable minimum wage under A.R.S. § 23-363.

-22-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

114.   Plaintiffs believe and therefore claim that Defendants subjected each and every server and bartender that they employed, including Plaintiffs and the Collective Members, to its policy and specific course of conduct of not informing their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations.

115.   Plaintiffs believe and therefore claim that Defendants subjected each and every server and bartender that they employed, including Plaintiffs and the Class Members, to their policy and specific course of conduct of not providing written notice to Plaintiffs or the Class Members prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23.

116.   Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

117.   Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

118.   Defendants wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs, the Collective Members, and the Class Members.

119.   Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs', the Collective Members', and the Class Members' work and wages at all relevant times.

120.   Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

121.   Due to Defendants' illegal wage practices, Plaintiffs and the Class Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the amount of unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S. § 23-364.

## COLLECTIVE ACTION ALLEGATIONS

### A.   FLSA COLLECTIVE MEMBERS:

122.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

123.   Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former servers and bartenders of Defendants.

124.   At all times material, Defendants paid Plaintiffs and the Collective Members at a rate of less than the full, applicable Arizona and federal minimum wage.

125.   Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips in a given workweek and during each and every workweek that Plaintiffs and the Collective Members worked for Defendants, in violation of 29 U.S.C. § 206(a).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

126.    Defendants subjected Plaintiffs and the Collective Members to their policy and practice of deducting the costs of uniform shirts from the wages of their servers and bartenders, in violation of 29 U.S.C. § 206(a).

127.    Defendants did not inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages, in violation of 29 U.S.C. § 206(a).

128.    At all times material, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips.

129.    At all times material, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of deducting the costs of uniform shirts from the wages of their servers and bartenders.

130.    At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and

common programs, practices, procedures, protocols, routines, and rules of willfully not informing Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages.

131.   Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

132.   Plaintiffs and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with Defendants.

133.   In a given workweek, and during each and every workweek, of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members, pursuant to Defendants' policy and practice, contributed a portion of their tips to employees who do not customarily and regularly receive tips–namely, back of house employees such as kitchen staff, cooks, and dishwashers; managers; and to a collective fund owned and maintained by Defendants.

134.   In a given workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members had the costs of uniform shifts deducted from their wages such that their wages fell below the applicable minimum wage.

135.   Additionally, Defendants did not inform Plaintiffs and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations at any time prior to taking the tip credit and at any time over the duration of their employment

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-26-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' or the Collective Members' wages and, consequently, paid Plaintiffs and the Collective Members less than the applicable minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363. Defendants should have therefore paid the full applicable, Arizona minimum wage to Plaintiffs and the Collective Members for all time that they worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

136. Defendants did not inform Plaintiffs and the Collective Members of the amount of cash wage the Defendants were paying Plaintiffs and the Collective Members.

137. Defendants did not inform Plaintiffs and the Collective Members of the additional amount claimed by Defendants as a tip credit.

138. Defendants did not inform Plaintiffs and the Collective Members that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiffs and the Collective Members.

139. Defendants did not inform Plaintiffs and the Collective Members that all tips received by Plaintiffs and the Collective Members were to be retained by Plaintiffs and the Collective Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

140. Defendants did not inform Plaintiffs and the Collective Members that the tip credit would not apply to any tipped employee unless the tipped employee had been

informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

141.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

142.    Defendants' failure to pay minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

143.    While Plaintiffs and Defendants have described Plaintiffs' and the Collective Members' job titles as servers and bartenders, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

144.    All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper minimum wage compensation for all hours worked in a given workweek.

145.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

146.    As such, Plaintiffs bring their FLSA minimum wage claims as a collective action on behalf of the following class:

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

**The FLSA Collective Members are all of Defendants' current and former servers and bartenders who were paid an hourly rate of less than the Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present.</u>**

147.   Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

148.   Defendants are aware or should have been aware that federal law prohibited them from requiring their servers and bartenders–namely, Plaintiffs and the Collective Members–to share their tips with employees who do not customarily and regularly receive tips.

149.   Defendants are aware or should have been aware that federal law prohibited them from retaining from their servers and bartenders–namely, Plaintiffs and the Collective Members–to be contributed to a collective fund maintained and owned exclusively by Defendants.

150.   Defendants are aware or should have been aware that federal law prohibited them from deducting the costs of uniform shirts from the wages from their servers and bartenders–namely, Plaintiffs and the Collective Members.

151.   Defendants are aware or should have been aware that federal law required them to inform their servers and bartenders–namely, Plaintiffs and the Collective Members–of the tip credit provisions of the FLSA, 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages.

152.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

153.   This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

154.   Upon information and belief, the individuals similarly situated to Plaintiffs include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

155.   Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

**B.     RULE 23 ARIZONA CLASS MEMBERS.**

156.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

157.   Plaintiffs bring their Arizona wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendants' current and former servers and bartenders who were paid an hourly rate of less than the Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

158.   <u>Numerosity</u>. The number of Class Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendants.

159.   <u>Typicality</u>. Plaintiffs' claims are typical of the Class Members because like the Class Members, Plaintiffs were subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Members. Defendants did not inform Plaintiffs or the Class Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations, nor did Defendants provide written notice to Plaintiffs or the Class Members prior to exercising the tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23. As a result of such failure by Defendants to inform Plaintiffs and the Class Members of these provisions, Defendants could not have paid less than the Arizona minimum wage rate and still complied with state law.

160.   <u>Adequacy</u>. Plaintiffs are representative parties who will fairly and adequately protect the interests of the Class Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Arizona law. Plaintiffs have retained an attorney who is competent in both class actions and wage and hour litigation. Plaintiffs do not have any

interest that may be contrary to or in conflict with the claims of the Class Members he seeks to represent.

161. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a.    Whether Defendants failed to inform Plaintiffs and the Class Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations;

    b.    Whether Defendants provided written notice to Plaintiffs or the Class Members prior to exercising the tip credit, as required by A.A.C. § R20-5-1207 and A.R.S. Title 23;

    c.    Whether Defendants failed to pay Plaintiffs and the Class Members the minimum wage for all hours worked;

162. Common issues of law include, but are not limited to:

    a.  Whether Defendants properly paid all minimum wages due and owing to Plaintiffs and the Class Members;

    b.  Whether Defendants were entitled to impose a tip credit on the wages of Plaintiffs and the Class Members;

    c.  Whether Plaintiffs and the Class Members are entitled to compensatory damages;

    d.  The proper measure of damages sustained by Plaintiffs and the Class Members; and

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

e.  Whether Defendants' actions were "willful."

163.    Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

164.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendants' records.

165.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; (3) the burden is on each Defendant to accurately record hours worked by employees; and (4) the burden is on each Defendant to prove it properly imposed the tip credit upon its employees.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

166.    Ultimately, a class action is a superior forum to resolve the Arizona state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Class Members according to applicable Arizona laws.

167.    <u>Nature of Notice to be Proposed</u>. As to the Rule 23 Class Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## DAMAGES

168.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

169.    Plaintiffs, the Collective Members, and the Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

170.    Plaintiffs and the Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the Arizona mandated minimum wage rate.

171.    Plaintiffs and the Collective Members are entitled to recover all tips that Defendants improperly required them to contribute into a pool that contained employees who do not customarily and regularly receive tips.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

172.    Plaintiffs and the Collective Members are entitled to recover all tips that Defendants improperly required them to place into the collective fund exclusively owned and maintained by Defendants.

173.    Plaintiffs and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

174.    Plaintiffs and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

175.    Plaintiffs and the Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages. A.R.S. § 23-364(G).

176.    Plaintiffs and the Class members are entitled to recover attorney's fees and costs under A.R.S. § 23-364(G).

## FLSA, 29 U.S.C. § 216(b), COLLECTIVE ACTION CLAIMS

### COUNT ONE: FAIR LABOR STANDARDS ACT
### ILLEGAL TIP POOL AND TIP RETENTION

177.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

178.    Defendants engaged in the regular policy and practice of not allowing Plaintiffs and the Collective Members to retain all tips they received. Specifically, Defendants subjected Plaintiffs and the Collective Members to their policy and practice of requiring participation in a tip pool that included staff who do not customarily and regularly receive tips, such as cooks, dishwashers, and management.

-35-

179.    Defendants engaged in such conduct in direct violation of 29 U.S.C. § 203(m).

180.    Defendants also had a policy and practice of requiring their servers and bartenders, such as Plaintiffs and the Collective Members, to contribute one dollar from their earned tips for every shift they worked to a collective fund owned and maintained entirely by Defendants.

181.    Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages, and the manner in which Defendants paid Plaintiffs and the Collective Members violated 29 U.S.C. § 206(a).

182.    Defendants therefore did not pay Plaintiffs and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

183.    As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

184.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage as a result of improperly requiring Plaintiffs and the Collective Members to participate in an illegal tip pooling arrangement and retaining Plaintiffs' and the Collective Members' tips and over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and

the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

185.     Plaintiffs   and   the   Collective   Members   are   therefore   entitled   to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional  equal  amount  as  liquidated  damages,  together  with  interest,  reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, and Michelle Nichols, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

i.     violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

ii.     willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.     For the Court to award damages in the amounts of all tips contributed to the improper tip pooling arrangement that included employees who do not customarily and regularly receive tips;

C.     For the Court to award damages in the amounts of all tips contributed to the collective fund owned and maintained entirely by Defendants;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

D.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

E.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

F.      For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.      For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

H.      Such other relief as this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## IMPROPER UNIFORM DEDUCTIONS

186.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

187.    Defendants engaged in the regular policy and practice of deducting the costs of uniform shirts from the wages of their servers and bartenders, including Plaintiffs and Collective Members.

188.   Such policy and practice of deducting these uniform shirt costs by Defendants necessarily brought Plaintiffs' and the Collective Members' wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

189.   Therefore, in a given workweek, and during each and every workweek of Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

190.   Defendants therefore did not pay Plaintiffs and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

191.   As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the workweeks they were employed by Defendants and paid for their uniform shirts.

192.   Defendants knew that – or acted with reckless disregard as to whether – their deductions from Plaintiffs' and the Collective Members' wages to pay the costs of uniform shirts would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

193.   Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, and Michelle Nichols, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

I.    For the Court to declare and find that the Defendants committed one or more of the following acts:

       iii.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

       iv.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

J.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

K.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

L.    For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

M.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-40-

N.     Such other relief as this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE TIP CREDIT NOTICE

194.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

195.   Defendants did not inform Plaintiffs and the Collective Members of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

196.   Defendants therefore did not pay Plaintiffs and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

197.   As such, full applicable minimum wage for such time Plaintiffs and the Collective Members worked is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

198.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

199.   Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, and Michelle Nichols, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

O.   For the Court to declare and find that the Defendants committed one or more of the following acts:

   v.   violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

   vi.   willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

P.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

Q.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

R.   For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

S.   For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   wages for the Collective Members and for the risks they took in doing so;

2   and

3   T.      Such other relief as this Court deems just and proper.

4

5                       **FED. R. CIV. P. 23 CLASS CLAIM**

6                   **COUNT FOUR: ARIZONA WAGE LAW**
7                   **FAILURE TO PAY MINIMUM WAGE**

8       200.    Plaintiffs reallege and incorporate by reference all allegations in all

9   preceding paragraphs.

10      201.    Defendants failed to inform Plaintiffs and the Class Members of the

11  provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

12  Therefore, Defendants were precluded from imposing a tip credit upon Plaintiffs' and the

13  Class Members' wages. As such, Defendants could not have paid less than the Arizona

14  minimum wage rate and still complied with federal and state law.

15      202.    Defendants did not provide written notice to Plaintiffs and the Class

16  Members prior to exercising the tip credit, in violation of Arizona Administrative Code

17  ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23. Thereafter, Defendants did not

18  notify Plaintiffs or the Class Members in writing each pay period of the amount per hour

19  that Defendants took as a tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title

20  23. Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs'

21  and the Class Members' wages.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-43-

203.   As a result of such failure by Defendants, Defendants failed to pay the applicable Arizona minimum wage rate to Plaintiffs and the Class Members for the entire duration of their employment, in violation of A.R.S. Title 23.

204.   Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs and the Class Members the applicable minimum wage rate would violate federal and state law, and Defendants were aware of the FLSA and Arizona minimum wage requirements during Plaintiffs and the Class Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of Arizona wage laws.

205.   Defendants have and continue to willfully violate Arizona wage laws by not paying Plaintiffs and the Class Members the full applicable minimum wage rate for all time Plaintiffs and the Class Members spent working for Defendants.

206.   Plaintiffs and the Class Members are therefore entitled to compensation for the difference between wages paid and the applicable minimum wage rate for all hours worked, in amounts to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

WHEREFORE, Plaintiffs, Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, and Michelle Nichols, individually, and on behalf of all Class Members, requests that this Court grant the following relief in Plaintiffs' and the Class Members' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

-44-

vii.    violated minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

viii.    willfully violated minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award compensatory damages, including liquidated damages in an amount equal to twice the underpaid wages pursuant to A.R.S. § 23-364(G), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiffs' and the Class Members' reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364(G) and all other causes of action set forth in this Complaint;

E.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Class Members and for the risks they took in doing so; and

F.    Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Counts I, II, and III of this Complaint, Plaintiffs requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and

permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## REQUEST FOR CLASS ACTION CERTIFICATION

As to Count IV of this Complaint, Plaintiffs requests that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and designate Plaintiffs as class representative and their counsel as class counsel.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 15th day of December, 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*

THE BENDAU LAW FIRM, PLLC
P.O. Box 97066
Phoenix, AZ 85060