# THE BENDAU LAW FIRM, PLLC

# <u>Exhibit A</u>

## SETTLEMENT AGREEMENT, WAIVER AND RELEASE

This Agreement ("Agreement") is made in the State of Arizona by and between Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, Michelle Nichols, Chelsea Ruttman, and Traycee Dalebout (the "Named Plaintiffs"), individually, and on behalf of those individuals who have opted-in to this lawsuit (the "Collective Members") on the one hand (the Named Plaintiffs and Collective Members are referred to herein as "Plaintiffs"), and Angry Crab Shack Corporation; Angry Crab Shack Franchise, LLC; Angry Crab Shack BBQ, LLC; AC Peoria, LLC; AC East Mesa, LLC; AC Goodyear, LLC; AC Ahwatukee, LLC; Ronald Lou and Ling Ngo Lou; Dan Sevilla and Autum Perry-Sevilla; Andrew Diamond; David Eng; and Jason Lopez and Angela Lambries-Lopez (collectively "ACS" or the "Company") on the other hand. The Company and Plaintiffs are referred to collectively herein as the "Parties."

### Recitals

1.     Plaintiffs are current and former employees of ACS who worked as servers or bartenders.

2.     On or about December 15, 2016, the Named Plaintiffs filed a lawsuit in the United States District Court for the District of Arizona, Civil Action No. 2:16-cv-04415-SMM (the "Lawsuit") against the Company alleging violations of the Fair Labor standards Act ("FLSA"), asserting that the Company had not paid the Named Plaintiffs and individuals similarly situated the required minimum wage.

3.     As part of the Lawsuit, the Named Plaintiffs alleged a Collective Action under the FLSA.

4.     Pursuant to the Collective Action, and after the Named Plaintiffs provided notice to all current and former servers and bartenders of the Company about the Lawsuit, additional plaintiffs joined the Lawsuit as part of the Collective Action.

5.     The parties subsequently agreed to engage in informal discovery and submit the Lawsuit and issues raised therein to private mediation.  During the mediation, the Parties agreed to settle the issues raised in the Lawsuit on the terms provided for herein.

6.     The Parties to this Agreement have agreed to resolve all issues and disputes among them pursuant to the terms stated in this Agreement.

7.     Upon execution of this Agreement, the parties to this Agreement shall seek an order from the Court approving the Agreement and dismissing the Lawsuit With Prejudice.

### Agreement

WHEREAS, the parties desire to enter into certain understandings and agreements, under the terms and conditions set forth in this Agreement;

NOW THEREFORE, in consideration of the promises and the mutual agreements, covenants, and provisions contained in this Agreement, the parties hereby agree and declare as follows:

1.      Consideration.

a.      **Settlement Amount**.  Subject to the other terms and conditions of this Agreement, within 14 days after the date of the issuance of a Court order approving this Settlement Agreement and dismissing the Lawsuit With Prejudice, the Company shall pay to the Plaintiffs the sum of One Hundred Eighty-Five Thousand and 00/100 Dollars ($185,000.00) (the "Settlement Amount").  Plaintiffs acknowledge and agree that, in the event the Court does not approve the allocation set forth herein – which was established solely by plaintiffs – ACS's exposure shall not exceed the consideration agreed upon in this Section 1.

b.      **Attorneys' Fees and Costs**.  The Parties agree that One-Third (33 1/3%) of the total Settlement Amount–$61,666.66–will be payable to The Bendau Law Firm PLLC as Attorneys' Fees.  The Parties further agree that, in addition to the Attorneys' Fees, $5,901.90 of the total Settlement Amount shall be payable to The Bendau Law Firm PLLC as costs.

c.      **Service Awards**.  The Parties agree that the Named Plaintiffs (Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, Michelle Nichols, Chelsea Ruttman, and Traycee Dalebout) shall each receive a service award for the additional time and risks incurred in being Named Plaintiffs.  Each of the Named Plaintiffs shall receive a $2,000 service award under this Agreement; except that, Terri Rossi Owen and Michelle Nichols shall each receive $2,500 because they attended the mediation at which the Lawsuit was settled and contributed significantly in that respect to achieving settlement in this matter.  The Service Awards shall be treated as 1099 income to each of the Named Plaintiffs. Named Plaintiffs agree to be responsible for all taxes, to the extent any taxes are levied on the service award, and shall indemnify Company regarding any taxes due or unpaid on the service awards.

d.      **Proportional Payment of the Remaining Settlement Amount**.  The Parties agree that the remaining Settlement Amount ($102,431.43) shall be payable to each Plaintiff according to his or her proportional amount of hours worked for the Company at an hourly rate subject to a tip credit between three years[1] before each Plaintiff opted-in, joined or otherwise initiated participation in the Lawsuit and January 1, 2017.  Because the Plaintiffs' claims include claims for liquidated damages, the Parties agree that 50% of the net payment to each Plaintiff shall be treated as wages and 50% shall be treated as payment for liquidated damages.  Wage payments to Plaintiffs shall be reported on an IRS Form W-2.  Non-wage payments to Plaintiffs shall be reported on an IRS Form 1099.  The Company shall prepare such IRS Forms W-2 and 1099 and provide them to the respective Plaintiffs and applicable governmental authorities as required by law.  From the wage portion of each Plaintiff's allocated wage-related payment amount, the Company shall withhold from such distribution all applicable federal, state, and local income and employment taxes required to be withheld based on each Plaintiff's designated tax withholdings elected during their employment, and cause the appropriate deposits of taxes and other withholdings to occur.  Each Plaintiff's share of the applicable federal, state, and local income and employment taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Settlement Agreement shall be a part of, and paid out of and shall not be in addition to, the total Settlement Amount.  The Company shall be responsible for the employer's share of taxes from

---

[1] Plaintiffs' use of three years to calculate the proportional payment of the remaining settlement amount for each Plaintiff does not mean that ACS concedes any violation, let alone a willful violation.

those allocated amounts.  Plaintiffs agree to be responsible for all taxes and shall indemnify Company regarding any taxes due or unpaid on the payment of liquidated damages made hereunder.  However, the Company agrees that the employer portion of any such tax liability that may be due or become due because of said payment(s) shall be the Company's sole responsibility, and Defendants will pay any such taxes that may be due or become due.

Plaintiffs' counsel agrees to provide a calculation and itemization of each Plaintiffs' proportional payment, as well as each Plaintiffs' current mailing address to counsel for the Company within 14 days after the filing of the joint motion for FLSA settlement approval in order that the Company can determine the proper amounts to treat as wages and liquidated damages, respectively.  The Company shall in turn, issue two checks to each Plaintiff, each for half of his or her total proportional payment–one of which allocated as W-2 income subject to the withholdings described in this section above, and the other half allocated as 1099 income as described in this section above.

Service Awards to the Named Plaintiffs shall be included in their respective 1099 checks.

The Company shall deliver each of the 92 checks payable to the respective Plaintiffs, plus a check payable to The Bendau Law Firm PLLC for attorneys' fees and costs, to The Bendau Law Firm PLLC on or before 14 days after the Court issues an order approving this Settlement Agreement and dismissing the Lawsuit With Prejudice.

     e.    **Mediation Fees**.  The Parties agree that the Company shall pay the full amount of the mediator's fees and costs.

     f.    **Joint Motion for Settlement Approval**.  Upon the execution of this Agreement, the parties shall jointly seek an order from the Court approving the Agreement and dismissing the Lawsuit With Prejudice.

     g.    It is acknowledged and agreed by the Parties that the above payment is the compromise of any disputed claims.  The Named Plaintiffs, individually, and on behalf of the Collective Members, acknowledge that this payment constitutes special consideration to them in exchange for their promises and agreements as set forth in this Agreement and that Company was not otherwise obligated to make the above payment.

    2.    <u>Waivers, Releases, And Discharges Of Claims</u>.

In consideration of their Settlement Awards and the other terms and conditions of the Settlement, the sufficiency of which is hereby acknowledged as of the date the Settlement Approval Order is entered by the Court, all Opt-Ins, including Named Plaintiffs, on behalf of themselves and their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns, hereby release Angry Crab Shack Corporation; Angry Crab Shack Franchise, LLC; Angry Crab Shack BBQ, LLC; AC Peoria, LLC; AC East Mesa, LLC; AC Goodyear, LLC; AC Ahwatukee, LLC; Ronald Lou and Ling Ngo Lou; Dan Sevilla and Autum Perry-Sevilla; Andrew Diamond; David Eng; and Jason Lopez and Angela Lambries-Lopez from any and all wage and hour claims, causes of action, damages, awards, legal, equitable, and administrative relief, interest, fines, penalties, liquidated damages, attorneys' fees and expenses, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects, or issues that have been raised in this lawsuit, whether known or

unknown, including, but not limited to any and all claims pursuant to the FLSA, 29 U.S.C. Section 201, et. seq., and/or any state, local, or other law or ordinances or pursuant to contract, tort, or equitable theories regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation based on any act or omission that occurred up to and including the date on which the Court approves the Settlement, except for any claims for violation of any federal, state or local statutory and/or public policy, right or entitlement that, by applicable law, is not waivable.

In addition, the Named Plaintiffs acknowledge and agree to waive, release, and discharge all Claims, known and unknown.  The Named Plaintiffs acknowledge that they may later discover Claims, facts, or causes of action presently unknown, unsuspected, or different from those that they now suspect or believe to be true.  The Named Plaintiffs expressly waive and assume the risk that the facts or law may be other than they believe them to be.  The Named Plaintiffs intend by the execution of this Agreement to fully, finally, and forever release all known and unknown Claims, regardless of the discovery or existence of any additional or different facts or Claims at any time after  they sign this Agreement.

It is understood and agreed that upon the Named Plaintiffs signing this Agreement, all Plaintiffs shall be bound by the following release, which shall appear in the Notice form:

> In consideration of the payments provided herein, the sufficiency of which is hereby acknowledged, Plaintiffs on behalf of Plaintiffs and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns, hereby expressly and unconditionally waive any appeal from a Court order approving this Settlement and dismissing this lawsuit with prejudice, and releases and forever discharges Angry Crab Shack Corporation; Angry Crab Shack Franchise, LLC; Angry Crab Shack BBQ, LLC; AC Peoria, LLC; AC East Mesa, LLC; AC Goodyear, LLC; AC Ahwatukee, LLC; Ronald Lou and Ling Ngo Lou; Dan Sevilla and Autum Perry-Sevilla; Andrew Diamond; David Eng; and Jason Lopez and Angela Lambries-Lopez from any and all wage and hour claims, causes of action, damages, awards, legal, equitable, and administrative relief, interest, fines, penalties, liquidated damages, attorneys' fees and expenses, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects, or issues that have been raised in the operative complaint, whether known or unknown, including, but not limited to any and all claims pursuant to the FLSA, 29 U.S.C. Section 201, et. seq., and/or any state, local, or other law or ordinances or pursuant to contract, tort, or equitable theories regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation based on any act or omission that occurred up to and including the date on which the Court approves the Settlement, except for any claims for violation of any federal, state or local statutory and/or public policy, right or entitlement that, by applicable law, is not waivable.

3.      No Admission Of Wrongdoing.  This Agreement does not constitute an admission that any person or entity violated any local, state, or federal ordinance, regulation, ruling, statute, rule of decision, or principle of common law, or that any person or entity engaged in any improper or unlawful conduct or wrongdoing.  The Company expressly denies that it violated

-4-

any of the Plaintiffs' rights, and denies that it is liable to the Plaintiffs on any basis. Plaintiffs will not characterize this Agreement or the payment of any money or other consideration in accord with this Agreement as an admission or indication that any person or entity engaged in any improper or unlawful conduct or wrongdoing.

4.     Invalidity.  In the event that a court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal, or unenforceable in any respect, such a determination will not affect the validity, legality, or enforceability of the remaining provisions of this Agreement, and the remaining provisions of this Agreement will continue to be valid and enforceable; provided, however, that if such determination affects the validity or enforceability of any of the waivers, releases, or discharges set forth herein, this Agreement will be null and void and of no force or effect.

5.     No Rule Of Strict Construction.  Each party has approved the language of this Agreement, and no rule of strict construction will be applied against any party.

6.     Entire Agreement.  The parties intend for this Agreement to define the full extent of their legally enforceable undertakings.

7.     Modification.  No modification or waiver of this Agreement will be valid unless the modification or waiver is in writing and signed by both of the parties.

8.     Headings.  The descriptive headings of the paragraphs and subparagraphs of this Agreement are intended for convenience only, and do not constitute parts of this Agreement.

9.     Counterparts.  This Agreement may be executed simultaneously in two or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.  The use of electronic signatures to execute this Agreement shall be as effective as original signatures.

10.    Governing Law.  This Agreement will be construed in accord with, and any dispute or controversy arising from any breach or asserted breach of this Agreement will be governed by, the laws of the State of Arizona.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated at their respective signatures below.

6308512v8/26759-0006

DATED this __9.th__ day of February, 2018.

_____
Terri Owen

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By: Andrew Diamond
Its: Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By: Andrew Diamond
Its: Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By: Andrew Diamond
Its: Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By: Andrew Diamond
Its: Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

# Signature Certificate



 **Document Reference:** K68JGRJXMKYSB37YXHPHSJ



**Terr Rossi Owen**
Party ID: 73H7BHJS2IIBKD2RFXJXP8
IP Address: 172.58.21.169

| VERIFIED EMAIL: | shortylvta@gmail.com |



| Multi-Factor Digital Fingerprint Checksum | 3f1912edad92070fe6ede7d3c5ae6010e092c5b4 |

| Timestamp | Audit |
|---|---|
| 2018-02-08 07:15:09 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and Terr Rossi Owen. |
| 2018-02-08 07:15:08 -0800 | Document signed by Terr Rossi Owen (shortylvta@gmail.com) with drawn signature. - 172.58.21.169 |
| 2018-02-08 07:15:07 -0800 | Terr Rossi Owen verified email address 'shortylvta@gmail.com'. - 172.58.21.169 |
| 2018-02-08 07:14:44 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--c7a4a6). - 172.58.21.169 |
| 2018-02-08 07:11:35 -0800 | Online Form viewed by Terr Rossi Owen (shortylvta@gmail.com). - 172.58.21.169 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this 6 day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.
**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.
**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.
**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez


DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

# Signature Certificate



🔒 Document Reference:  `7RIWI3IF53MC956JJBUW8L`



**Chelsea Ruttman**
Party ID: Z494NAIUR4NZE2N4MY5SWX
IP Address: 67.128.228.54

VERIFIED EMAIL:  chelsearuttman@hotmail.com

Electronic Signature:


| Multi-Factor Digital Fingerprint Checksum | `bc88c7b5ac4578754b7e708f6ab720b38f9f28f1` |  |

| Timestamp | Audit |
| --- | --- |
| 2018-02-06 08:03:41 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and Chelsea Ruttman. |
| 2018-02-06 08:03:40 -0800 | Document signed by Chelsea Ruttman (chelsearuttman@hotmail.com) with drawn signature. - 67.128.228.54 |
| 2018-02-06 08:03:39 -0800 | Chelsea Ruttman verified email address 'chelsearuttman@hotmail.com'. - 67.128.228.54 |
| 2018-02-06 08:03:11 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--08e499). - 67.128.228.54 |
| 2018-02-06 07:59:57 -0800 | Online Form viewed by Chelsea Ruttman (chelsearuttman@hotmail.com). - 67.128.228.54 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this 6_____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

# Signature Certificate



 Document Reference: JPVPNRJU75RDVSD4IY2UBL



**Geoffrey Collins**
Party ID: IBKYP7I2A44H7NLXL2J66E
IP Address: 184.103.223.254

| VERIFIED EMAIL: | geoffreyarchc@gmail.com



| Multi-Factor Digital Fingerprint Checksum | 477de7bcc1313396c6128134b5cd00a8404c603c |  |

| Timestamp | Audit |
|---|---|
| 2018-02-06 19:04:18 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and Geoffrey Collins. |
| 2018-02-06 19:04:16 -0800 | Document signed by Geoffrey Collins (geoffreyarchc@gmail.com) with drawn signature. - 184.103.223.254 |
| 2018-02-06 19:04:14 -0800 | Geoffrey Collins verified email address 'geoffreyarchc@gmail.com'. - 184.103.223.254 |
| 2018-02-06 19:03:49 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--061676). - 184.103.223.254 |
| 2018-02-06 19:03:08 -0800 | Online Form viewed by Geoffrey Collins (geoffreyarchc@gmail.com). - 184.103.223.254 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this 2/06/2018 day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

# Signature Certificate



 **Document Reference:**   D44JR6JHJ34RUJ3HIRBCIM



**michelle nichols**
Party ID: VSLKC6IC72TFI7YTR8AFA5
IP Address: 184.98.49.76

VERIFIED EMAIL:   mnichols40@gmail.com



| Multi-Factor Digital Fingerprint Checksum | e2f1207a28c4a52dab37f3f296b8904e65bf02e2 |  |
|---|---|---|

| Timestamp | Audit |
|---|---|
| 2018-02-06 07:40:50 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and michelle nichols. |
| 2018-02-06 07:40:49 -0800 | Document signed by michelle nichols (mnichols40@gmail.com) with drawn signature. - 184.98.49.76 |
| 2018-02-06 07:40:48 -0800 | michelle nichols verified email address 'mnichols40@gmail.com'. - 184.98.49.76 |
| 2018-02-06 07:40:13 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--13c603). - 184.98.49.76 |
| 2018-02-06 07:39:21 -0800 | Online Form viewed by michelle nichols (mnichols40@gmail.com). - 184.98.49.76 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this _06_ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

# Signature Certificate



 **Document Reference:**  GZKDCDJ8G5S4HPG5A8SSEU



**Susan Krueger**
Party ID: YVHFZAJ88KW9EEPS5PZNCJ
IP Address: 68.99.242.32

| VERIFIED EMAIL: | krugklan2@hotmail.com |

Electronic Signature:



| Multi-Factor **Digital Fingerprint Checksum** | 1c994db2983374940d28ed06bb6fd2cb6b707303 |  |

| Timestamp | Audit |
|-----------|-------|
| 2018-02-06 07:59:59 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and Susan Krueger. |
| 2018-02-06 07:59:59 -0800 | Document signed by Susan Krueger (krugklan2@hotmail.com) with drawn signature. - 68.99.242.32 |
| 2018-02-06 07:59:58 -0800 | Susan Krueger verified email address 'krugklan2@hotmail.com'. - 68.99.242.32 |
| 2018-02-06 07:59:30 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--4e4cc9). - 68.99.242.32 |
| 2018-02-06 07:53:46 -0800 | Online Form viewed by Susan Krueger (krugklan2@hotmail.com). - 68.99.242.32 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this ___6___ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

6308512v8/26759-0006

# Signature Certificate



 **Document Reference:** `TVI6FCIZ72D2D8UBDBTVPT`



Shawn Thorson
Party ID: 3H8PV8JRZJXFEVZD64ERXK
IP Address: 72.208.201.14

| VERIFIED EMAIL: | lovepizza.thorson2@gmail.com |



| Multi-Factor Digital Fingerprint Checksum | `9d478267423d4e4ce430d8568e45b826c456419d` |  |

| Timestamp | Audit |
|-----------|-------|
| 2018-02-06 12:11:09 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and Shawn Thorson. |
| 2018-02-06 12:11:08 -0800 | Document signed by Shawn Thorson (lovepizza.thorson2@gmail.com) with drawn signature. - 72.208.201.14 |
| 2018-02-06 12:11:07 -0800 | Shawn Thorson verified email address 'lovepizza.thorson2@gmail.com'. - 72.208.201.14 |
| 2018-02-06 12:10:16 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--4ac4cb). - 72.208.201.14 |
| 2018-02-06 12:06:12 -0800 | Online Form viewed by Shawn Thorson (lovepizza.thorson2@gmail.com). - 72.208.201.14 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _6___ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

# Signature Certificate



 Document Reference: 25JVZVJGHIYMT9WHKNS6AI



**Traycee Dalebout**
Party ID: CDE7IGJVVIYV5Z4DPD66LW
IP Address: 24.251.247.72

| VERIFIED EMAIL: | trayceedalebout@gmail.com |



Multi-Factor
**Digital Fingerprint Checksum**     34227886f23603477e35379ff5977c44cfdd0c93



| Timestamp | Audit |
|---|---|
| 2018-02-06 09:17:01 -0800 | All parties have signed document. Signed copies sent to: Cliff Bendau and Traycee Dalebout. |
| 2018-02-06 09:17:00 -0800 | Document signed by Traycee Dalebout (trayceedalebout@gmail.com) with drawn signature. - 24.251.247.72 |
| 2018-02-06 09:16:59 -0800 | Traycee Dalebout verified email address 'trayceedalebout@gmail.com'. - 24.251.247.72 |
| 2018-02-06 09:01:58 -0800 | Generated Document from Online Form ROSSI SETTLEMENT AGREEMENT FINAL; 2-5-18 (ROSSI-SETTLEMENT--dc3c68). - 24.251.247.72 |
| 2018-02-06 08:58:38 -0800 | Online Form viewed by Traycee Dalebout (trayceedalebout@gmail.com). - 24.251.247.72 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## SETTLEMENT AGREEMENT, WAIVER AND RELEASE

This Agreement ("Agreement") is made in the State of Arizona by and between Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, Michelle Nichols, Chelsea Ruttman, and Traycee Dalebout (the "Named Plaintiffs"), individually, and on behalf of those individuals who have opted-in to this lawsuit (the "Collective Members") on the one hand (the Named Plaintiffs and Collective Members are referred to herein as "Plaintiffs"), and Angry Crab Shack Corporation; Angry Crab Shack Franchise, LLC; Angry Crab Shack BBQ, LLC; AC Peoria, LLC; AC East Mesa, LLC; AC Goodyear, LLC; AC Ahwatukee, LLC; Ronald Lou and Ling Ngo Lou; Dan Sevilla and Autum Perry-Sevilla; Andrew Diamond; David Eng; and Jason Lopez and Angela Lambries-Lopez (collectively "ACS" or the "Company") on the other hand. The Company and Plaintiffs are referred to collectively herein as the "Parties."

### Recitals

1.  Plaintiffs are current and former employees of ACS who worked as servers or bartenders.

2.  On or about December 15, 2016, the Named Plaintiffs filed a lawsuit in the United States District Court for the District of Arizona, Civil Action No. 2:16-cv-04415-SMM (the "Lawsuit") against the Company alleging violations of the Fair Labor standards Act ("FLSA"), asserting that the Company had not paid the Named Plaintiffs and individuals similarly situated the required minimum wage.

3.  As part of the Lawsuit, the Named Plaintiffs alleged a Collective Action under the FLSA.

4.  Pursuant to the Collective Action, and after the Named Plaintiffs provided notice to all current and former servers and bartenders of the Company about the Lawsuit, additional plaintiffs joined the Lawsuit as part of the Collective Action.

5.  The parties subsequently agreed to engage in informal discovery and submit the Lawsuit and issues raised therein to private mediation. During the mediation, the Parties agreed to settle the issues raised in the Lawsuit on the terms provided for herein.

6.  The Parties to this Agreement have agreed to resolve all issues and disputes among them pursuant to the terms stated in this Agreement.

7.  Upon execution of this Agreement, the parties to this Agreement shall seek an order from the Court approving the Agreement and dismissing the Lawsuit With Prejudice.

### Agreement

WHEREAS, the parties desire to enter into certain understandings and agreements, under the terms and conditions set forth in this Agreement;

NOW THEREFORE, in consideration of the promises and the mutual agreements, covenants, and provisions contained in this Agreement, the parties hereby agree and declare as follows:

6308512v8/26759-0006

1.   Consideration.

    a.   **Settlement Amount.** Subject to the other terms and conditions of this Agreement, within 14 days after the date of the issuance of a Court order approving this Settlement Agreement and dismissing the Lawsuit With Prejudice, the Company shall pay to the Plaintiffs the sum of One Hundred Eighty-Five Thousand and 00/100 Dollars ($185,000.00) (the "Settlement Amount"). Plaintiffs acknowledge and agree that, in the event the Court does not approve the allocation set forth herein – which was established solely by plaintiffs – ACS's exposure shall not exceed the consideration agreed upon in this Section 1.

    b.   **Attorneys' Fees and Costs.** The Parties agree that One-Third (33 1/3%) of the total Settlement Amount–$61,666.66–will be payable to The Bendau Law Firm PLLC as Attorneys' Fees. The Parties further agree that, in addition to the Attorneys' Fees, $5,901.90 of the total Settlement Amount shall be payable to The Bendau Law Firm PLLC as costs.

    c.   **Service Awards.** The Parties agree that the Named Plaintiffs (Terri Rossi Owen, Shawn Thorson, Susan Krueger, Geoffrey Collins, Michelle Nichols, Chelsea Ruttman, and Traycee Dalebout) shall each receive a service award for the additional time and risks incurred in being Named Plaintiffs. Each of the Named Plaintiffs shall receive a $2,000 service award under this Agreement; except that, Terri Rossi Owen and Michelle Nichols shall each receive $2,500 because they attended the mediation at which the Lawsuit was settled and contributed significantly in that respect to achieving settlement in this matter. The Service Awards shall be treated as 1099 income to each of the Named Plaintiffs. Named Plaintiffs agree to be responsible for all taxes, to the extent any taxes are levied on the service award, and shall indemnify Company regarding any taxes due or unpaid on the service awards.

    d.   **Proportional Payment of the Remaining Settlement Amount.** The Parties agree that the remaining Settlement Amount ($102,431.43) shall be payable to each Plaintiff according to his or her proportional amount of hours worked for the Company at an hourly rate subject to a tip credit between three years[1] before each Plaintiff opted-in, joined or otherwise initiated participation in the Lawsuit and January 1, 2017. Because the Plaintiffs' claims include claims for liquidated damages, the Parties agree that 50% of the net payment to each Plaintiff shall be treated as wages and 50% shall be treated as payment for liquidated damages. Wage payments to Plaintiffs shall be reported on an IRS Form W-2. Non-wage payments to Plaintiffs shall be reported on an IRS Form 1099. The Company shall prepare such IRS Forms W-2 and 1099 and provide them to the respective Plaintiffs and applicable governmental authorities as required by law. From the wage portion of each Plaintiff's allocated wage-related payment amount, the Company shall withhold from such distribution all applicable federal, state, and local income and employment taxes required to be withheld based on each Plaintiff's designated tax withholdings elected during their employment, and cause the appropriate deposits of taxes and other withholdings to occur. Each Plaintiff's share of the applicable federal, state, and local income and employment taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Settlement Agreement shall be a part of, and paid out of and shall not be in addition to, the total Settlement Amount. The Company shall be responsible for the employer's share of taxes from

---

[1] Plaintiffs' use of three years to calculate the proportional payment of the remaining settlement amount for each Plaintiff does not mean that ACS concedes any violation, let alone a willful violation.

-2-

those allocated amounts. Plaintiffs agree to be responsible for all taxes and shall indemnify Company regarding any taxes due or unpaid on the payment of liquidated damages made hereunder. However, the Company agrees that the employer portion of any such tax liability that may be due or become due because of said payment(s) shall be the Company's sole responsibility, and Defendants will pay any such taxes that may be due or become due.

Plaintiffs' counsel agrees to provide a calculation and itemization of each Plaintiffs' proportional payment, as well as each Plaintiffs' current mailing address to counsel for the Company within 14 days after the filing of the joint motion for FLSA settlement approval in order that the Company can determine the proper amounts to treat as wages and liquidated damages, respectively. The Company shall in turn, issue two checks to each Plaintiff, each for half of his or her total proportional payment–one of which allocated as W-2 income subject to the withholdings described in this section above, and the other half allocated as 1099 income as described in this section above.

Service Awards to the Named Plaintiffs shall be included in their respective 1099 checks.

The Company shall deliver each of the 92 checks payable to the respective Plaintiffs, plus a check payable to The Bendau Law Firm PLLC for attorneys' fees and costs, to The Bendau Law Firm PLLC on or before 14 days after the Court issues an order approving this Settlement Agreement and dismissing the Lawsuit With Prejudice.

 e. **Mediation Fees.** The Parties agree that the Company shall pay the full amount of the mediator's fees and costs.

 f. **Joint Motion for Settlement Approval.** Upon the execution of this Agreement, the parties shall jointly seek an order from the Court approving the Agreement and dismissing the Lawsuit With Prejudice.

 g. It is acknowledged and agreed by the Parties that the above payment is the compromise of any disputed claims. The Named Plaintiffs, individually, and on behalf of the Collective Members, acknowledge that this payment constitutes special consideration to them in exchange for their promises and agreements as set forth in this Agreement and that Company was not otherwise obligated to make the above payment.

 2. <u>Waivers, Releases, And Discharges Of Claims.</u>

In consideration of their Settlement Awards and the other terms and conditions of the Settlement, the sufficiency of which is hereby acknowledged as of the date the Settlement Approval Order is entered by the Court, all Opt-Ins, including Named Plaintiffs, on behalf of themselves and their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns, hereby release Angry Crab Shack Corporation; Angry Crab Shack Franchise, LLC; Angry Crab Shack BBQ, LLC; AC Peoria, LLC; AC East Mesa, LLC; AC Goodyear, LLC; AC Ahwatukee, LLC; Ronald Lou and Ling Ngo Lou; Dan Sevilla and Autum Perry-Sevilla; Andrew Diamond; David Eng; and Jason Lopez and Angela Lambries-Lopez from any and all wage and hour claims, causes of action, damages, awards, legal, equitable, and administrative relief, interest, fines, penalties, liquidated damages, attorneys' fees and expenses, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects, or issues that have been raised in this lawsuit, whether known or

-3-

unknown, including, but not limited to any and all claims pursuant to the FLSA, 29 U.S.C. Section 201, et. seq., and/or any state, local, or other law or ordinances or pursuant to contract, tort, or equitable theories regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation based on any act or omission that occurred up to and including the date on which the Court approves the Settlement, except for any claims for violation of any federal, state or local statutory and/or public policy, right or entitlement that, by applicable law, is not waivable.

In addition, the Named Plaintiffs acknowledge and agree to waive, release, and discharge all Claims, known and unknown. The Named Plaintiffs acknowledge that they may later discover Claims, facts, or causes of action presently unknown, unsuspected, or different from those that they now suspect or believe to be true. The Named Plaintiffs expressly waive and assume the risk that the facts or law may be other than they believe them to be. The Named Plaintiffs intend by the execution of this Agreement to fully, finally, and forever release all known and unknown Claims, regardless of the discovery or existence of any additional or different facts or Claims at any time after they sign this Agreement.

It is understood and agreed that upon the Named Plaintiffs signing this Agreement, all Plaintiffs shall be bound by the following release, which shall appear in the Notice form:

> In consideration of the payments provided herein, the sufficiency of which is hereby acknowledged, Plaintiffs on behalf of Plaintiffs and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns, hereby expressly and unconditionally waive any appeal from a Court order approving this Settlement and dismissing this lawsuit with prejudice, and releases and forever discharges Angry Crab Shack Corporation; Angry Crab Shack Franchise, LLC; Angry Crab Shack BBQ, LLC; AC Peoria, LLC; AC East Mesa, LLC; AC Goodyear, LLC; AC Ahwatukee, LLC; Ronald Lou and Ling Ngo Lou; Dan Sevilla and Autum Perry-Sevilla; Andrew Diamond; David Eng; and Jason Lopez and Angela Lambries-Lopez from any and all wage and hour claims, causes of action, damages, awards, legal, equitable, and administrative relief, interest, fines, penalties, liquidated damages, attorneys' fees and expenses, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects, or issues that have been raised in the operative complaint, whether known or unknown, including, but not limited to any and all claims pursuant to the FLSA, 29 U.S.C. Section 201, et. seq., and/or any state, local, or other law or ordinances or pursuant to contract, tort, or equitable theories regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation based on any act or omission that occurred up to and including the date on which the Court approves the Settlement, except for any claims for violation of any federal, state or local statutory and/or public policy, right or entitlement that, by applicable law, is not waivable.

3.   No Admission Of Wrongdoing. This Agreement does not constitute an admission that any person or entity violated any local, state, or federal ordinance, regulation, ruling, statute, rule of decision, or principle of common law, or that any person or entity engaged in any improper or unlawful conduct or wrongdoing. The Company expressly denies that it violated any of the Plaintiffs' rights, and denies that it is liable to the Plaintiffs on any basis. Plaintiffs

-4-

will not characterize this Agreement or the payment of any money or other consideration in accord with this Agreement as an admission or indication that any person or entity engaged in any improper or unlawful conduct or wrongdoing.

4.  Invalidity.  In the event that a court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal, or unenforceable in any respect, such a determination will not affect the validity, legality, or enforceability of the remaining provisions of this Agreement, and the remaining provisions of this Agreement will continue to be valid and enforceable; provided, however, that if such determination affects the validity or enforceability of any of the waivers, releases, or discharges set forth herein, this Agreement will be null and void and of no force or effect.

5.  No Rule Of Strict Construction.  Each party has approved the language of this Agreement, and no rule of strict construction will be applied against any party.

6.  Entire Agreement.  The parties intend for this Agreement to define the full extent of their legally enforceable undertakings.

7.  Modification.  No modification or waiver of this Agreement will be valid unless the modification or waiver is in writing and signed by both of the parties.

8.  Headings.  The descriptive headings of the paragraphs and subparagraphs of this Agreement are intended for convenience only, and do not constitute parts of this Agreement.

9.  Counterparts.  This Agreement may be executed simultaneously in two or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.  The use of electronic signatures to execute this Agreement shall be as effective as original signatures.

10.  Governing Law.  This Agreement will be construed in accord with, and any dispute or controversy arising from any breach or asserted breach of this Agreement will be governed by, the laws of the State of Arizona.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated at their respective signatures below.

-5-

6308512v8/26759-0006

DATED this _____ day of February, 2018.

_____
Terri Owen

DATED this _____ day of February, 2018.

_____
Susan Krueger

DATED this _____ day of February, 2018.

_____
Michelle Nichols

DATED this _____ day of February, 2018.

_____
Chelsea Ruttman

DATED this _____ day of February, 2018.

**Angry Crab Shack Franchise, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Shawn Thorson

DATED this _____ day of February, 2018.

_____
Geoffrey Collins

DATED this _____ day of February, 2018.

_____
Traycee Dalebout

DATED this _____ day of February, 2018.

**Angry Crab Shack Corporation**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**Angry Crab Shack BBQ, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

-6-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually

-7-

DATED this _____ day of February, 2018.                DATED this _____ day of February, 2018.

**AC Peoria, LLC**                                     **AC East Mesa, LLC**

_____                               _____

By:  Andrew Diamond                                    By:  Andrew Diamond
Its:  Chief Financial Officer                          Its:  Chief Financial Officer

DATED this _____ day of February, 2018.                DATED this _____ day of February, 2018.

**AC Goodyear, LLC**                                   **AC Ahwatukee, LLC**

_____                               _____

By:  Andrew Diamond                                    By:  Andrew Diamond
Its:  Chief Financial Officer                          Its:  Chief Financial Officer

DATED this _____ day of February, 2018.                DATED this _7_ day of February, 2018.

_____                               _____
Ronald Lou, Individually                               Dan Sevilla, Individually

_____                               _____
Ling Ngo, Individually                                 Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.                DATED this _7_ day of February, 2018.

_____                               _____
Andrew Diamond                                         David Eng, Individually

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez

-7-

DATED this _____ day of February, 2018.

**AC Peoria, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Goodyear, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Ronald Lou, Individually

_____
Ling Ngo, Individually

DATED this _____ day of February, 2018.

_____
Andrew Diamond

DATED this _____ day of February, 2018.

_____
Jason Lopez

_____
Angela Lambries-Lopez


DATED this _____ day of February, 2018.

**AC East Mesa, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

**AC Ahwatukee, LLC**

_____

By:  Andrew Diamond
Its:  Chief Financial Officer

DATED this _____ day of February, 2018.

_____
Dan Sevilla, Individually

_____
Autum Perry-Sevilla, Individually

DATED this _____ day of February, 2018.

_____
David Eng, Individually